911 P.2d 905 (1995)
STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
Bencile WILLIAMS, Jr., Respondent.
SCBD No. 4076. OBAD No. 1192.
Supreme Court of Oklahoma.
November 21, 1995.
As Corrected December 12, 1995.
Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.
James C. Linger, Tulsa, for Respondent.
SIMMS, Judge.
Formal complaint was lodged against Bencile Williams, Jr., Respondent, by the Oklahoma Bar Association, alleging Williams was guilty of professional misconduct warranting discipline.
*906 Respondent and General Counsel for the Bar Association entered into a written stipulation containing findings of fact and conclusions of law, with an "agreed recommendation of discipline" of a thirty (30) day suspension from the practice of law, and payment of all costs by Respondent. Williams was to attend a continuing legal education program on law office management during the calendar year, and consult monthly with an attorney having a practice similar to Respondent's regarding office management practices.
The stipulation was then presented to the Professional Responsibility Tribunal, which also heard Respondent's sworn testimony concerning the facts and circumstances surrounding the matters set forth in the stipulation. The Tribunal refused the agreed recommendation for discipline and, instead, recommended that Respondent be suspended from the practice of law for a period of six (6) months, and be assessed the costs.

I.
According to the stipulation and evidence heard by the tribunal, Respondent had for some time represented Steve Pinion, who did business as Cypress Development Company. Pinion was involved in a commercial development project in the Bahamas. Pinion received $18,750.00 from a James Eskew, Jr., which was to serve as a Loan Establishment Fee to secure financing for the island project. The money had been borrowed from Glenn R. Premru. An Escrow agreement was entered into whereby Respondent was to be the Escrow Agent pending closing of the Bahamas project. The money was placed in Respondent's Trust Account.
The agreement provided that if the project failed, Respondent was to pay the escrow funds to Premru. The agreement also provided that in the event of conflicting demands, the Respondent could interplead the funds, and hold them subject to an Order of Court.
The project failed, and both Premru and Pinion made conflicting demands for the money held by Respondent in escrow. Respondent ignored these demands.
Contrary to the escrow agreement, Respondent withheld $3870.00 he claims Pinion owed him for attorney's fees and expenses, such as telephone bills, resulting from long distance calls to the Bahamas. Respondent admits that part of the remaining $14,880.00 was paid to Pinion and part was used to pay bills incurred locally by Pinion's mother.
Respondent testified that he knew he was doing wrong in paying the escrow money to Pinion. According to his testimony before the tribunal, Respondent's "first obligation belonged to Mr. Pinion since he had been a long-term client." In Respondent's own words, he knew his relationship with Pinion placed him "... at odds in being an escrow agent and being fair to Mr. Premru who was the other part of the escrow." Before he agreed to be the escrow agent, the Respondent was aware that his representation of Pinion adversely affected his responsibilities to Premru and that his allegiance to Pinion constituted a conflict.

II.
It was also stipulated between the complainant and Respondent and the Tribunal so found: Respondent co-mingled his personal funds with funds in his trust account; that from funds in his trust account Respondent made cash draws, made loans and payments to friends and paid personal and office expenses; and, checks from Respondent's Trust Account were dishonored because there were insufficient funds in the Trust Account to cover the checks.

III.
The Supreme Court's review in Bar Association disciplinary proceedings is by de novo consideration of the case. State ex rel Oklahoma Bar Ass'n v. Cummings, 863 P.2d 1164 (Okl. 1993). We have carefully examined the stipulation and transcript of Respondent's testimony before the Tribunal together with the exhibits submitted to the Tribunal. We conclude by clear and convincing evidence that Respondent's acts set forth in this opinion violate Rule 1.7, Rule 1.15, *907 Rules of Professional Conduct, 5 O.S. 1991, Ch. 1, App. 3-A, and Rule 1.4(b), Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1-A.
Rule 1.7 provides that "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless (1) that lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation."
Rule 1.15(a) provides that a lawyer shall hold property of third persons in his possession separate from his own property. Section (b) of Rule 1.15 provides that a lawyer shall promptly deliver to the third person any funds that the third person is entitled to receive. Section (c) requires an attorney to keep property separate when a dispute arises concerning the interest of disputing parties.
Pursuant to Rule 1.4(b), Rules Governing Disciplinary Proceedings, conversion occurs when a lawyer applies a client's money to a purpose other than that for which it was entrusted. Oklahoma Bar Ass'n v. Meek, 895 P.2d 692 (Okl. 1994). A lawyer may not avail himself of a counterclaim or set off for fees against any money or property coming into his hands for a specific purpose, and a refusal to account for and deliver the money or property on demand is deemed a conversion. We have held that the application of funds received for a particular purpose and applied towards attorney fees is conversion, Oklahoma Bar Ass'n v. Farrant, 867 P.2d 1279 (Okl. 1994).

IV.
The written stipulation states as mitigating factors that Respondent has cooperated fully with the Complainant throughout the investigation, and that he has been a member of the Bar 35 years. It also says that throughout his 35 year career as a lawyer, he was once disciplined by receiving a private reprimand from the Supreme Court.
In its Brief in Chief filed in this Court, the Bar requests we reject the recommendation of a six months suspension made by the Professional Responsibility Tribunal, and impose a thirty day suspension with conditions attached. This we decline to do. The transcript discloses that Respondent closed his Trust Account over a year ago, and intends to represent only defendants in criminal cases. If this be true, and he so testified under oath, it is extremely doubtful that a course in office management will benefit Respondent.
We accept the recommendation of the Tribunal and order Respondent suspended from the practice of law for a period of six (6) months from the date this opinion becomes final. Respondent Williams is directed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1-A.
Complainant's Application to Assess Costs is granted and Respondent, Bencile Williams, Jr., is ordered to reimburse Complainant the sum of $1,045.12, as their costs in this matter.
All the Justices concur.